# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

SHARON MELTON,                )
               Plaintiff,     )
v.                            ) No. 04-3518-CV-S-DW-SSA
                              )
JO ANNE B. BARNHART,          )
Commissioner of Social Security, )
               Defendant.     )

## ORDER

Before the Court is Plaintiff Sharon Melton's social security brief. (Doc. No. 9.) In the brief, Plaintiff asks that this Court reverse the decision of the Administrative Law Judge ("ALJ"), who found that Plaintiff had the "residual functional capacity" to perform her past relevant work and, therefore, was not disabled under the Social Security Act. Because Plaintiff has exhausted her administrative remedies, jurisdiction is conferred on this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The complete facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary. Suffice it to say, Plaintiff claims that she is entitled to disability benefits because she suffers from disease of the lumbar spine, osteoarthritis, osteoporosis and colitis. After a thorough review of the entire record, the Court affirms the ALJ's decision.

I.

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §§ 405(g) and 1383(c)(3); Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. Warburton, 188 F.3d at 1050.

In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. Id. Resolution of factual conflicts, however, is not for the Court to decide; the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result, Pierce v. Apfel, 173 F.3d 704, 706 (8th Cir. 1999), even if the Court might have weighed the evidence differently and reached a different result if it were reviewing the case de novo, Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. 42 U.S.C. §§ 423 (d)(1)(A), (d)(2) (1994); Timmerman v. Weinberger, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The first step in the process is to determine whether the claimant is engaging in "substantial gainful activity." Lannie v. Shalala, 51 F.3d 160, 163 (8th Cir. 1995). If the claimant is not engaging in substantial gainful activity, then the second step is to ascertain whether the claimant's impairment (or combination of impairments) is severe. Id. If the impairment is not severe, the claim is denied. Where the impairment is severe, it is compared to the Listing of Impairments that contains impairments that are considered to be so severe that they preclude substantial gainful activity as a matter of law. Id. If the severity of the impairment equals or exceeds that of a listed impairment,

the claim is allowed. Id. When a severe impairment does not equal or exceed any impairments in the Listing, the Commissioner must determine the claimant's residual functional capacity. Id. If, given the claimant's residual functional capacity, she can meet the demands of past work, the claim is denied. Lannie, 51 F.3d at 163.

Through these first four steps, the burden is on the claimant to prove that she is disabled. If the claimant is not able to perform her past work, however, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform. Id.; see also 20 C.F.R. § 404.1566 (defining how the Commissioner determines whether jobs exist in the national economy in substantial numbers). If such jobs do not exist in significant numbers, the claim is allowed. Hall v. Chater, 62 F.3d 220, 224 (8th Cir. 1995).

II.

Plaintiff challenges the ALJ's decision on a single ground. She argues that the ALJ erred in discounting the medical opinion of her treating physician, Dr. James Duff, when determining Plaintiff's residual functional capacity during step four of the sequential process. As a result, Plaintiff contends that the ALJ's decision regarding her disability status was erroneous.

Dr. Duff was Plaintiff's treating physician for 15 years. During this time, Dr. Duff treated her for numerous complained of ailments, including: back pain, irritable bowels, abdominal cramping, fibromyalgia, gastroesophageal reflux, anxiety, and widespread body pain. On March 3, 2003, an x-ray was taken of Plaintiff's lumbar spine and hip regions that revealed L4-L5 degenerative disc disease and mild changes of osteoarthritis of the left hip. An MRI of the spine showed diffuse spondylosis in the spine with end plate spurring most prominent at L4-5 and L5-S1. Importantly, the MRI revealed no focal protrusion or critical stenosis. Dr. Duff treated Plaintiff's

ailments by prescribing multiple medications, with varying degrees of success, and epidural injections in her back.

Dr. Duff completed a medical source statement for Plaintiff in which he opined that she had the following limitations: lift and/or carry five pounds frequently; lift and/or carry 10 pounds occasionally; stand and/or walk continuously less than 15 minutes; stand and/or walk a total of two hours in an eight hour day; sit continuously 15 minutes; sit a total of two hours in an eight hour day; push and/or pull is limited; never kneel, crouch or crawl; occasionally climb, balance, stoop, bend, reach and handle; avoid exposure to hazards and heights; avoid moderate exposure to extreme cold and hot, weather, wetness/humidity, and vibrations; avoid concentrated exposure to dust/fumes; lie down or recline at least three to four times a day for 30 minutes. The doctor made these conclusions based on personal examinations, his treating relationship with the patient, the nature of patient's diagnosed impairments, test results, and patient's complaints.

At the request of the Social Security Administration, Dr. Charles Ash, an orthopedic specialist, also evaluated the plaintiff. Dr. Ash diagnosed Plaintiff with having early osteoarthritis and osteoporosis. He opined that Plaintiff could lift and/or carry 10 pounds frequently; lift and/or carry 20 pounds occasionally; stand and/or walk six hours (with normal breaks) in an eight hour day; sit six hours (with normal breaks) in an eight hour day; occasionally climb, balance, kneel, crouch crawl and stoop; and push and/or pull without limitation. Dr. Ash's conclusions were based on a comprehensive physical examination of Plaintiff. Transc. at p.150-51. Dr. Ash did not consider the x-ray or MRI results noted above in determining the extent of Plaintiff's physical limitations.

In his Order, the ALJ discounted Dr. Duff's opinion because he found a lack of medical evidence in the record to support it. According to the ALJ, Dr. Duff's "assessment is not supported

by any reasoned analysis or reference to supporting medical findings or test results." Transc. at p.14. The ALJ found that Dr. Duff's opinion, which appeared to be based solely on Plaintiff's subjective complaints, was actually contradicted by the medical record. Further, "Dr. Duff's progress notes do not show efforts at objective measurement or evaluation, but often just show that medication was prescribed." Id. Therefore, the ALJ gave "little weight" to Dr. Duff's opinion and chose, rather, to adopt the opinion of Dr. Ash when determining Plaintiff's residual functional capacity.

The general rule is that an ALJ must give controlling weight to a treating physician's medical opinion. Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005). However, "[a] treating physician's opinion does not automatically control, since the record must be evaluated as a whole." Reed v. Barnhart, 399 F.3d 917, 920 (8th Cir. 2005)(citation omitted). An ALJ may discount or even disregard a treating physician's opinion "where other medical assessments are supported by better or more thorough medical evidence." Id. at 921(citation omitted).

In this case, the ALJ was correct to give little weight to Dr. Duff's opinion. The Court has scoured the record to find medical evidence and reasoned analysis supporting the doctor's opinion. There is none. Indeed, Dr. Duff's notes suggest that his "examinations" of Plaintiff consisted of little more than the writing of prescriptions. By contrast, Dr. Ash's examination of the plaintiff was a comprehensive evaluation of Plaintiff's physical capabilities. Transc. at p. 150-51. Dr. Ash's medical opinion was well-reasoned and supported by his objective examination of the plaintiff. And it is of no consequence that Dr. Ash did not consider the x-ray or MRI results, for they did not reveal any debilitating or severe conditions. See Transc. at p.167 (MRI showed "[n]o focal protrusion or critical stenosis.") For these reasons, the Court finds that the ALJ did not error in discounting Dr. Duff's opinion.

5

Given the entire medical record in the case, the Court finds that the ALJ did not error in discounting the opinion of Dr. Duff. That opinion contradicted the medical record, including the opinion of Dr. Ash, and was not supported by objective evidence. The ALJ was correct to base the residual functional capacity on medical evidence other than the opinion of Dr. Duff.

For the foregoing reasons, the decision of the ALJ is affirmed.

IT IS SO ORDERED.

                                      /s/ DEAN WHIPPLE
                                           Dean Whipple
                                   United States District Judge

Date: August 8, 2005